OPINION OF THE COURT
Memorandum.
Judgment unanimously modified by reducing the award to plaintiff to the sum of $375; as so modified, affirmed without costs.
*778 Defendant performed a prepurchase home inspection for plaintiffs in January 1994 for the sum of $375. Plaintiffs moved into this 45-year-old house in May 1994 and soon thereafter discovered dampness and water in the basement after heavy rains.
In our opinion the judgment should be modified by reducing the award to $375, which is the cost of the inspection. Generally, contracts, as in the case at bar, which exculpate a party from the consequences of its own acts are, with certain exceptions, enforceable (see, 22 NY Jur 2d, Contracts, § 267). However, such agreements are subject to close judicial scrutiny and to the extent that they purport to grant exemption for liability for willful or grossly negligent acts, they have been viewed as wholly void (see, Gross v Sweet, 49 NY2d 102, 106; Sommer v Federal Signal Corp., 174 AD2d 440, mod on other grounds 79 NY2d 540; Gentile v Garden City Alarm Co., 147 AD2d 124).
In the case at bar, the inspection report states that defendant’s liability "is limited to the cost of the inspection.” While the testimony and the photographs entered into evidence indicate that defendant may have been negligent in observing signs of previous water intrusion onto the basement floor, it is clear that the defendant was not grossly negligent. It is conceded that there was no water on the floor at the time of the inspection. Consequently, the exculpatory clause should be given effect and defendant’s liability limited to the cost of the inspection.
DiPaola, P. J., Ingrassia and Floyd, JJ., concur.