■ JULIE WEIDENBENNER, Plaintiff, v ALVIN L. STERN, Defendant, and ANTHONY FIGUEROA et al., Defendants and Third-Party Plaintiffs-Respondents. ASSOCIATED PROPERTY SERVICES, INC., Third-Party Defendant-Appellant. [692 NYS2d 709] —In an action to recover damages for personal injuries, the third-party defendant appeals, as limited by its brief, from so much of (1) an order of the Supreme Court, Westchester County (Barone, J.), entered May 15, 1998, as denied that branch of its motion which was for summary judgment dismissing the third-party complaint, or, in the alternative, for partial summary judgment limiting its liability to $330, and (2) an order of the same court, entered August 28, 1998, as, in effect, denied its motion for reargument.

Ordered that the appeal from the order entered August 28, 1998, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered May 15, 1998, is modified, on the law, by deleting the provision thereof denying that branch of the motion which was for summary judgment limiting the liability of the third-party defendant to $330 and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that the third-party defendant is awarded one bill of costs.

The defendant third-party plaintiff Anthony Figueroa contracted with the third-party defendant Associated Property Services, Inc. (hereinafter Associated), to conduct a prepurchase inspection of certain real property. Several months after the inspection, the plaintiff, Julie Weidenbenner, was injured, allegedly because of a defective condition on the property, and she commenced an action against, among others, Associated, Anthony Figueroa, and Charlene Figueroa. The plaintiff's complaint was later dismissed insofar as asserted against Associated (*see, Weidenbenner v Stern,* 250 AD2d 762). The Figueroas commenced a third-party action against Associated for damages for breach of contract and negligence, alleging, *inter alia,* that Associated negligently performed the inspection and failed to identify the defective condition.

We conclude that the Supreme Court erred in denying that branch of the motion of Associated which was for partial summary judgment limiting its liability on the third-party complaint to $330. The contract between the parties expressly provided that, in the event Associated was found liable, *inter alia,* under the theories of breach of contract or negligence, or any other theory of liability, its liability would be limited to the fee paid for the inspection and report, i.e., $330. "Absent a statute or public policy to the contrary", such a provision is enforceable (*see, Sommer v Federal Signal Corp.,* 79 NY2d 540, 553; *see also, Ricciardi v Frank,* 170 Misc 2d 777). The Figueroas' contention that the exculpatory clause of the contract was unenforceable pursuant to General Obligations Law § 5-323 is without merit, as the contract was not made "in connection with the construction, maintenance and repair" of the property.

Although a party may not insulate itself from damages caused by grossly negligent conduct (*see, Sommer v Federal Signal Corp., supra,* at 554), the Figueroas failed to allege gross negligence in the third-party complaint, and offered insufficient evidence to support such a claim (*see, Colnaghi, U.S.A. v Jewelers Protection Servs.,* 81 NY2d 821). O'Brien, J. P., Joy, Altman and Smith, JJ., concur.