■ CARL T. PELUSO et al., Appellants, v TAUSCHER CRONACHER PROFESSIONAL ENGINEERS, P. C., Respondent. [704 NYS2d 289] —In an action, *inter alia*, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Donovan, J.), entered February 23, 1999, which granted the defendant's motion for partial summary judgment limiting its liability to $445.

Ordered that the order is affirmed, with costs.

The plaintiffs hired the defendant, an engineering company, to conduct a prepurchase inspection of their Westchester County home and prepare a report. Under the terms of the agreement between the parties, if the defendant was found liable to the plaintiffs for any loss or damage arising out of the inspection and report, its liability would be limited to the fee paid for these services, which was $445. The plaintiffs subsequently commenced this action against the defendant contending that the company negligently performed its inspection and breached the contract by failing to disclose that the roof of the house was in such poor condition that it would have to be replaced. The defendant moved for partial summary judgment limiting its liability to $445, and the Supreme Court granted the motion.

Contrary to the plaintiffs' contention, the Supreme Court properly found that the defendant's liability should be limited to the sum paid for the prepurchase inspection and report. A contractual provision which limits damages is enforceable unless the special relationship between the parties, a statute, or public policy imposes liability (*see, Sommer v Federal Signal Corp.,* 79 NY2d 540; *Florence v Merchants Cent. Alarm Co.,* 51 NY2d 793; *Metropolitan Life Ins. Co. v Noble Lowndes Intl.,* 192 AD2d 83, 88-89). Here, there is no special relationship between the parties, no pertinent statutory provision, and no overriding public interest which demands that this contract provision, voluntarily entered into by competent parties, should be rendered ineffectual (*see, Ciofalo v Vic Tanney Gyms,* 10 NY2d 294, 297-298; *Metropolitan Life Ins. Co. v Noble Lowndes Intl., supra*). Accordingly, the provision limiting the defendant's liability is enforceable (*see, Weidenbenner v Stern,* 263 AD2d 453; *Ricciardi v Frank,* 170 Misc 2d 777).

Furthermore, while a party may not limit its liability for

damages caused by its own grossly negligent conduct (*see, Sommer v Federal Signal Corp., supra,* at 554; *Weidenbenner v Stern, supra*), the defendant's alleged failure to properly conduct its inspection does not rise to the level of gross negligence. Thompson, J. P., Sullivan, Krausman and Smith, JJ., concur.