OPINION OF THE COURT
Memorandum.
Judgment unanimously reversed without costs and action dismissed.
*526 Defendant performed a prepurchase home inspection for plaintiff in August 1999, and found no evidence of present or past water infiltration in the basement or deterioration to any observable structure or fixture that might result in such damage. Six months after the inspection, plaintiff observed rust deposits associated with a basement water pipe and sued defendant for breach of contract.
Our review is limited to determining whether substantial justice was done “according to the rules and principles of substantive law” (CCA 1807; Ross v Friedman, 269 AD2d 584; Forte v Bielecki, 118 AD2d 620, 621; Blair v Five Points Shopping Plaza, 51 AD2d 167, 168). Although “[findings of fact which rest in large measure on the credibility of witnesses should not be disturbed on appeal, particularly given the limited standard of review applicable to [small claims judgments]” (Gardner v Pharmacon Intl. Corp., 2001 NY Slip Op 40309[U] [App Term, 1st Dept]; see also, Williams v Roper, 269 AD2d 125, 126), substantial justice requires that small claims judgments founded on credibility determinations be supported by a fair interpretation of the evidence and a substantively correct application of law to fact. Here, the conclusion that defendant is answerable to plaintiff in damages is unsupported by the evidence and applicable law (e.g., Rothermel v Ermiger, 161 AD2d 1016, 1017).
Plaintiff adduced no proof that defendant’s inspection report was materially erroneous or misleading, or that defendant failed to observe and report conditions bearing a causal relationship to the appearance of water-related damage a half year later (cf., Ricciardi v Frank, 170 Misc 2d 777, 778 [App Term, 9th & 10th Jud Dists]). Further, the contract limited the inspection’s scope to the structure’s condition as ascertainable, on the date of inspection, from “visual observations of readily accessible areas.” The report disclaimed any “guarantee or warranty” as to the premises’ fitness for use and specifically excluded responsibility for the consequences of “irregular exposure to water” not apparent at the time of inspection.
Although contracts purporting to exempt a party from its gross negligence are unenforceable (Sommer v Federal Signal Corp., 79 NY2d 540, 553-554; Lee Sharoni, Ltd. v Honeywell, Inc., 206 AD2d 462), the provisions limiting defendant’s liability, “voluntarily entered into by competent parties,” imply no such result (Peluso v Tauscher Cronacher Professional Engrs., 270 AD2d 325). No fair interpretation of the evidence supports the conclusion that defendant “performed [his] duties *527 with reckless indifference to plaintiff’s rights” (David Gutter Furs v Jewelers Protection Servs., 79 NY2d 1027, 1029). Absent a “special relationship between the parties, * * * pertinent statutory provision [or] overriding public interest” (Peluso v Tauscher Cronacher Professional Engrs., supra at 325; see also, Weidenbenner v Stern, 263 AD2d 453, 454), the liability disclaimers should have been enforced.
Pesce, P.J., Golia and Rios, JJ., concur.