■ LARRY A. RECTOR et al., Appellants, v CALAMUS GROUP, INC., Doing Business as HOMETEAM INSPECTION SERVICE, et al., Respondents. [794 NYS2d 470]—

Kane, J. Appeal from an order of the Supreme Court (Reilly, Jr., J.), entered January 28, 2004 in Schenectady County, which, inter alia, partially granted a motion by defendant Calamus Group, Inc. for summary judgment limiting its liability to a nominal sum.

Plaintiffs contracted to purchase a house from defendant Brenda Powell. In connection with the impending purchase, plaintiffs retained defendant Calamus Group, Inc., doing business as Hometeam Inspection Service (hereinafter Hometeam), to perform a structural inspection of the property. The inspec-

---

tion agreement named both plaintiffs as clients, but only plaintiff Larry A. Rector signed it. It contained a limitation of liability clause which stated, in bold capital letters, that "BY SIGNING THIS AGREEMENT, CLIENT EXPRESSLY AGREES THAT ANY LIABILITY OF HOMETEAM . . . SHALL BE LIMITED TO THE LESSER OF THE COST TO REPAIR . . . OR THE AMOUNT OF THE INSPECTION FEE PAID BY CLIENT." Hometeam completed the inspection, issued a report and received payment of its $205 fee from plaintiffs. Plaintiffs purchased the property in 1999.

After they noticed alleged structural defects, plaintiffs commenced this action alleging negligence, breach of contract and fraud. Hometeam and defendant Stephen H. Selig moved for summary judgment dismissing the complaint or, in the alternative, for partial summary judgment limiting Hometeam's liability to the amount of the inspection fee. Powell cross-moved for summary judgment dismissing the complaint. Supreme Court granted Selig's motion* and Powell's cross motion, and partially granted Hometeam's motion to the extent of limiting its liability to $205. Plaintiffs appeal.

Supreme Court properly dismissed the complaint against Powell. At the time of this transaction, New York followed the doctrine of caveat emptor in relation to real estate transactions; the seller had no duty to disclose any information concerning the property in an arm's length transaction unless the seller participated in some active concealment of a defect (*see Gizzi v Hall*, 300 AD2d 879, 881 [2002]; *Bethka v Jensen*, 250 AD2d 887, 887-888 [1998]; *but see* Real Property Law art 14 [enacted in 2001 (L 2001, ch 456)]). Plaintiffs have presented no proof of a confidential or fiduciary relationship between the parties or any active concealment by Powell (*see Glazer v LoPreste*, 278 AD2d 198, 199 [2000]). Thus, she was entitled to summary judgment dismissing the complaint against her.

The limitation of liability in Hometeam's inspection agreement is enforceable. A clear contractual provision limiting damages is enforceable absent a special relationship between the parties, statutory prohibition or an overriding public policy (*see Sommer v Federal Signal Corp.*, 79 NY2d 540, 553 [1992]; *Peluso v Tauscher Cronacher Professional Engrs.*, 270 AD2d 325, 325 [2000]), none of which was demonstrated here. While a party may not insulate itself from damages caused by its own grossly negligent conduct (*see Sommer v Federal Signal Corp., supra* at 554), plaintiffs failed to allege, either in their complaint or bill

---

* We will not address Supreme Court's ruling on Selig's motion as plaintiffs did not contest that motion before the trial court, nor do they argue it on appeal.

of particulars, or provide proof of such conduct sufficient to raise a triable issue of fact (*see Weidenbenner v Stern*, 263 AD2d 453, 454 [1999]). Hence, the agreement limiting Hometeam's liability under that contract to the $205 inspection fee is enforceable (*see Netti v LeFrois*, 303 AD2d 971, 973 [2003]; *Peluso v Tauscher Cronacher Professional Engrs., supra* at 325).

Finally, plaintiffs argue that although Hometeam is bound to plaintiff Roseanne M. Rector by the terms of the contract, she is not bound by the limitation of liability provision because she did not sign the inspection agreement. Assuming that she is a third-party beneficiary of the contract, she is bound by the terms of that contract, including the limitation of liability provision (*see Buhler v French Woods Festival of Performing Arts*, 154 AD2d 303, 305 [1989]; *Blue Cross of Northeastern N.Y. v Ayotte*, 35 AD2d 258, 260 [1970]; *see also* 13 Lord, Williston on Contracts § 37:23, at 145-149 [4th ed]). Thus, she was bound by the contract's terms and is limited to a maximum recovery of $205.

Mercure, J.P., Spain, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, with one bill of costs.