■ ELENA SCHIETINGER et al., Appellants, v TAUSCHER CRONACHER PROFESSIONAL ENGINEERS, P.C., Respondent. [838 NYS2d 95]—

In an action, inter alia, to recover damages for gross negligence, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Woodard, J.), dated January 24, 2006, which granted the defendant's motion for partial summary judgment limiting its liability to the sum of $1,705.

Ordered that the order is affirmed, with costs.

The plaintiffs, Elena Schietinger and George Schietinger, hired the defendant, an engineering company, to conduct a prepurchase inspection of their home and prepare a report. Under the terms of the agreement, if the defendant was found liable for any loss or damage arising out of the inspection and report, its liability would be limited to the fee paid for these services, which was $1,705. The plaintiffs subsequently commenced this action against the defendant contending that the company negligently performed its inspection by failing to disclose that the roof of the house was in such poor condition that it would have to be replaced, that the roof shingles were composed partially of asbestos, and that a sill plate was rotted and needed to be replaced. The defendant moved for partial summary judgment limiting its liability to the sum of $1,705, and the Supreme Court granted the motion.

Contrary to the plaintiffs' contention, the Supreme Court properly found that the defendant's liability should be limited to the sum paid for the prepurchase inspection and report. A clear contractual provision limiting damages is enforceable absent a special relationship between the parties, a statutory prohibition, or an overriding public policy (*see Sommer v Federal Signal Corp.*, 79 NY2d 540, 553 [1992]; *Rector v Calamus Group, Inc.*, 17 AD3d 960, 961 [2005]; *Peluso v Tauscher Cronacher Professional Engrs.*, 270 AD2d 325 [2000]), none of which was demonstrated here. Moreover, while a party may not

limit its liability for damages caused by its own grossly negligent conduct (*see Sommer v Federal Signal Corp., supra* at 554; *Rector v Calamus Group, Inc., supra* at 961; *Peluso v Tauscher Cronacher Professional Engrs., supra* at 325), the defendant's alleged failure to properly conduct its inspection does not rise to the level of gross negligence. Accordingly, the provision limiting the defendant's liability is enforceable.

Finally, the plaintiffs argue that George Schietinger should not be bound by the contract's limitation of liability provision because it was only signed by Elena Schietinger. However, the contract was made for the benefit of both plaintiffs, they were both present during the inspection, they both received the inspection report, and they purchased the house together. Therefore, George Schietinger was bound by the contract's terms as a third-party beneficiary (*see Rector v Calamus Group, Inc., supra* at 962). Mastro, J.P., Santucci, Krausman and Carni, JJ., concur.