■ Kenneth Vigiletti et al., Appellants, v Sears, Roebuck & Co., Respondent. [838 NYS2d 786]— In a putative class action to recover damages for violation of General Business Law § 349 and unjust enrichment, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Rudolph, J.), dated September 23, 2005, which granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) and, in effect, denied their cross application for leave to replead pursuant to CPLR 3211 (e).

In a putative class action to recover damages for violation of General Business Law § 349 and unjust enrichment, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Rudolph, J.), dated April 24, 2006, which, upon reargument of the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) and their cross application for leave to replead pursuant to CPLR 3211 (e), adhered to its original determination in an order dated September 23, 2005, granting the motion and denying the cross application.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs failed to state a cause of action to recover damages for violation of General Business Law § 349. The complaint failed to allege that the plaintiffs and the proposed class members had suffered actual injury as a result of the defendant's allegedly deceptive marketing of its products (*see Small v Lorillard Tobacco Co.*, 94 NY2d 43 [1999]; *Donahue v Ferolito, Vultaggio & Sons*, 13 AD3d 77 [2004]; *Rice v Penguin Putnam*, 289 AD2d 318 [2001]). Furthermore, the plaintiffs failed to state a cause of action to recover damages for unjust enrichment because there was no allegation that the benefits that the members of the plaintiffs' class received were less than what they bargained for (*see Smith v Chase Manhattan Bank, USA*, 293 AD2d 598, 600 [2002]). Accordingly, the Supreme Court properly granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (7).

The Supreme Court also providently exercised its discretion when it, in effect, denied the plaintiffs' cross application for leave to replead pursuant to CPLR 3211 (e) as they did not set forth "good ground" to support their causes of action (*see Nadkarni v North Shore-Long Is. Jewish Health Sys.*, 21 AD3d 354, 355 [2005]; *Lesesne v Lesesne*, 292 AD2d 507, 509 [2002]; *527 Smith St. Brooklyn Corp. v Bayside Fuel Oil Depot Corp.*, 262 AD2d 278, 279 [1999]). Ritter, J.P., Goldstein, Fisher and Balkin, JJ., concur.