■ Ira Clement et al., Appellants, v Delaney Realty Corp. et al., Respondents. [845 NYS2d 423]—

In an action, inter alia, to recover damages for active concealment, the plaintiffs appeal from (1) an order of the Supreme Court, Rockland County (Weiner, J.), dated October 3, 2006, which granted the motion of the defendants FTF Inspection Corp. and Arcenio Pena which was, in effect, for summary judgment limiting their liability to the sum of $440, (2) an order of the same court also dated October 3, 2006, which granted the motion of the defendants Delaney Realty Corp. and Patricia A. Delaney pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against them, (3) an order of the same court also dated October 3, 2006, which granted the motion of the defendant Peter Zelmanow pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against him, and (4) an order of the same court also dated October 3, 2006, which granted that branch of the motion of the defendants William J. Shovlin and Susan Galligan Shovlin which was pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against them.

Ordered that the first order is affirmed; and it is further,

Ordered that the second, third, and fourth orders are reversed, on the law, the motion of the defendants Delaney Realty

Corp. and Patricia A. Delaney to dismiss the complaint insofar as asserted against them is denied, the motion of the defendant Peter Zelmanow to dismiss the complaint insofar as asserted against him is denied, and that branch of the motion of the defendants William J. Shovlin and Susan Galligan Shovlin which was to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (1) and (7) is denied; and it is further,

Ordered that one bill of costs is awarded to the defendants FTF Inspection Corp. and Arcenio Pena payable by the plaintiffs, and one bill of costs is awarded to the plaintiffs, payable by the defendants Delaney Realty Corp. and Patricia A. Delaney, Peter Zelmanow, and William J. Shovlin and Susan Galligan Shovlin, appearing separately and filing separate briefs.

The plaintiffs retained the services of the defendant Patricia A. Delaney of the defendant Delaney Realty Corp. (hereinafter collectively Delaney) to assist them in finding and purchasing a home. They were shown the home of William J. Shovlin and Susan Galligan Shovlin (hereinafter collectively the Shovlins), which the plaintiffs offered to buy subject to an inspection. Based on Delaney's alleged recommendation, the plaintiffs entered into a contract for a home inspection with the defendants Arcenio Pena and FTF Inspection Corp. (hereinafter collectively FTF), which included various limitations, as well as a provision limiting the home inspector's liability. FTF issued its report to the plaintiffs. Then, with the assistance of their attorney, the defendant Peter Zelmanow, the plaintiffs entered into a contract of sale and subsequently proceeded to closing.

Within weeks of taking possession of the house in November 2003, the plaintiffs discovered an allegedly serious mold condition, which caused them eventually to vacate the house in June 2004. Some 20 months later, in February 2006, the plaintiffs commenced this action against FTF, Delaney, Zelmanow, and the Shovlins. After joining issue, FTF moved for summary judgment, in effect, limiting its liability to the sum of $440. Delaney, Zelmanow, and the Shovlins submitted separate pre-answer motions to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (1) and (7). The Supreme Court granted all of the motions.

Regarding FTF's motion for summary judgment, in effect, limiting its liability to the sum of $440, FTF established its prima facie entitlement to judgment as a matter of law based on a clear contractual provision limiting the plaintiffs' damages to the sum of $440. In opposition, the plaintiffs failed to raise any triable issue of fact as to the existence of circumstances that

would render ineffectual the limitation of liability provision (*see Schietinger v Tauscher Cronacher Professional Engrs., P.C.*, 40 AD3d 954, 955 [2007]; *Rector v Calamus Group, Inc.*, 17 AD3d 960, 961 [2005]; *Peluso v Tauscher Cronacher Professional Engrs.*, 270 AD2d 325 [2000]). Contrary to the plaintiffs' contention, their opposing papers failed to show that FTF's conduct rose to the level of gross negligence (*see Schietinger v Tauscher Cronacher Professional Engrs., P.C.*, 40 AD3d at 956), as it would be speculative to conclude that many of the problems and conditions noted by the plaintiffs' expert on December 22, 2005, were also present and discoverable when FTF inspected the property some 28 months earlier. Nor can the plaintiffs avoid the limitation of liability provision merely by couching their claims against FTF in the familiar language of fraud. A cause of action sounding in fraud does not lie where, as here, "the only fraud claim relates to a breach of contract" (*Tiffany at Westbury Condominium v Marelli Dev. Corp.*, 40 AD3d 1073, 1076 [2007]). Accordingly, the Supreme Court properly limited FTF's liability to the sum of $440.

With respect to the remaining defendants' pre-answer motions to dismiss, the applicable standards are familiar. "A motion to dismiss made pursuant to CPLR 3211 (a) (1) will fail unless the documentary evidence that forms the basis of the defense resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff[s'] claim" (*Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 38 AD3d 34, 37 [2006]). "Moreover, a motion to dismiss made pursuant to CPLR 3211 (a) (7) will fail if, taking all facts alleged as true and according them every possible inference favorable to the plaintiff[s], the complaint states in some recognizable form any cause of action known to our law" (*id.* at 38). Whether the plaintiffs can ultimately establish their allegations "is not part of the calculus in determining a motion to dismiss" (*EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]).

Applying these standards, we cannot conclude, as the Supreme Court did, that the allegations in the complaint, taken as true, fail to state any cognizable cause of action against Delaney, Zelmanow, and the Shovlins (*see Simone v Homecheck Real Estate Servs., Inc.*, 42 AD3d 518 [2007]; *Gelfand v Oliver*, 29 AD3d 736 [2006]) or that the documentary evidence submitted by those defendants conclusively disposes of the plaintiffs' causes of action. Accordingly, those defendants' pre-answer motions should have been denied.

The parties' remaining contentions are without merit. Rivera, J.P., Skelos, Fisher and Angiolillo, JJ., concur.