▬ MARY MANCUSO, Appellant, v EDWARD RUBIN et al., Respondents. [861 NYS2d 79]—

In an action, inter alia, to recover damages for breach of contract and fraud, the plaintiff appeals from an order of the Supreme Court, Westchester County (Jamieson, J.), dated September 22, 2006, which (a) granted the motion of the defendant Tauscher Cronacher, P.E., P.C., for partial summary judgment dismissing the third, fourth, and seventh causes of action to the extent that they seek to recover damages in excess of the sum of $200 and to dismiss the fifth, sixth, and eighth causes of action asserted against it pursuant to CPLR 3211 (a) (7), (b) granted the motion of the defendants Edward Rubin and Valerie M. Rubin to dismiss the amended complaint insofar as asserted against them pursuant to CPLR 3211 (a) (7), and (c), in effect, denied her application for leave to replead.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

In January 2005 the plaintiff entered into a contract to purchase a single-family home in Hartsdale, New York, from the defendants Edward Rubin and Valerie M. Rubin (hereinafter the Rubins). Shortly thereafter, the plaintiff hired the defendant Tauscher Cronacher, P.E., P.C. (hereinafter the engineering company) to conduct a prepurchase inspection of the home and prepare a report. The agreement between the plaintiff and the engineering company included a provision stating that if the engineering company was subsequently found liable to the plaintiff for any loss or damage arising out of the inspection and report, its liability would be limited to the $200 fee paid for those services. The ensuing inspection report concluded, inter alia, that based upon observation of those portions of the house that were accessible, no "active termites or termite action was apparent." The engineering company also issued a termite inspection certification which reiterated that no evidence of active termite action was apparent, but advised the plaintiff that "because of the insidious habits of termites, no responsibility for a termite condition that may exist or may be starting and was not visible, is assumed." The certification added that it was "not a warranty or a guaranty that there are no termites." The

plaintiff alleges that after closing, she discovered extensive termite infestation and water damage which caused the home to be uninhabitable, and necessitated extensive repair.

The plaintiff subsequently commenced this action asserting causes of action against the Rubins to recover damages for breach of contract and fraudulent concealment, and asserting causes of action against the engineering company to recover damages for breach of contract, professional malpractice, and negligence. She later served an amended complaint to assert additional causes of action against the engineering company to recover damages for fraud, gross negligence, and violation of General Business Law § 349. Prior to joinder of issue, the engineering company moved for partial summary judgment dismissing the third, fourth, and seventh causes of action, alleging breach of contract, professional malpractice, and negligence, respectively, to the extent that they seek to recover damages in excess of the sum of $200, and to dismiss the remaining causes of action against it (the fifth, sixth, and eighth causes of action) pursuant to CPLR 3211 (a) (7) for failure to state a cause of action. The Rubins then separately moved pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint insofar as asserted against them (the first and second causes of action to recover damages for fraudulent concealment and breach of contract). In opposing the Rubins' motion, the plaintiff requested leave to replead her cause of action alleging fraudulent concealment. The Supreme Court granted the defendants' motions, and, in effect, denied the plaintiff's application for leave to replead. We now affirm.

Contrary to the plaintiff's contention, the court properly granted those branches of the engineering company's motion which were for partial summary judgment dismissing the third, fourth, and seventh causes of action, alleging breach of contract, professional malpractice, and negligence, to the extent that they seek to recover damages in excess of the sum paid for the prepurchase inspection and report. Although those branches of the motion were technically premature because issue had not been joined (*see* CPLR 3212 [a]), the plaintiff was clearly on notice that the engineering company was seeking relief pursuant to CPLR 3212, and both the engineering company and the plaintiff submitted evidentiary proof and raised arguments which demonstrated that they were deliberately charting a summary judgment course (*see McNamee Constr. Corp. v City of New Rochelle,* 29 AD3d 544, 545 [2006]; *Feitner v Town of Smithtown,* 23 AD3d 431, 432 [2005]; *Dunn v B&H Assoc.,* 295 AD2d 396, 397 [2002]). Turning to the merits, "[a] clear

contractual provision limiting damages is enforceable absent a special relationship between the parties, a statutory prohibition, or an overriding public policy" (*Schietinger v Tauscher Cronacher Professional Engrs., P.C.,* 40 AD3d 954, 955 [2007]; *see Sommer v Federal Signal Corp.,* 79 NY2d 540, 553 [1992]; *Rector v Calamus Group, Inc.,* 17 AD3d 960, 961 [2005]; *Peluso v Tauscher Cronacher Professional Engrs.,* 270 AD2d 325 [2000]), none of which was demonstrated here. Moreover, although a party may not limit its liability for damages caused by its own gross negligence (*see Sommer v Federal Signal Corp.,* 79 NY2d at 554), the engineering company's alleged failure to properly conduct its inspection does not rise to the level of gross negligence (*see Schietinger v Tauscher Cronacher Professional Engrs., P.C.,* 40 AD3d at 955; *Peluso v Tauscher Cronacher Professional Engrs.,* 270 AD2d 325 [2000]).

The court also properly granted those branches of the engineering company's motion which were pursuant to CPLR 3211 (a) (7) to dismiss the fifth, sixth, and eighth causes of action asserted against it, alleging fraud, gross negligence, and a violation of General Business Law § 349, for failure to state a cause of action. On a motion to dismiss pursuant to CPLR 3211 (a) (7), the court must accept the facts as alleged in the complaint to be true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez,* 84 NY2d 83, 87 [1994]; *Dreifus v Heimeshe Bakery Corp.,* 49 AD3d 591 [2008]; *Beja v Meadowbrook Ford,* 48 AD3d 495 [2008]). Applying these principles here, the plaintiff's conclusory assertion that the engineering company performed its inspection "recklessly," unsupported by any factual allegations of conduct evincing a reckless disregard for the rights of others or smacking of intentional wrongdoing, was insufficient to state a cause of action alleging gross negligence (*see Colnaghi, U.S.A. v Jewelers Protection Servs.,* 81 NY2d 821, 823-824 [1993]; *Sutton Park Dev. Corp. Trading Co. v Guerin & Guerin Agency,* 297 AD2d 430, 431 [2002]). Furthermore, since the provision limiting the engineering company's liability was fully disclosed in its contract with the plaintiff, and neither that provision nor the termite inspection certification was misleading in a material way, the plaintiff failed to state a cause of action for violation of General Business Law § 349 (*see Stutman v Chemical Bank,* 95 NY2d 24, 29 [2000]; *Lum v New Century Mtge. Corp.,* 19 AD3d 558 [2005]; *Ludl Elecs. Prods. v Wells Fargo Fin. Leasing,* 6 AD3d 397, 398 [2004]). Moreover, a cause of action sounding in fraud does not lie where, as here, the alleged fraud relates to a breach of contract (*see Clement v Delaney*

*Realty Corp.,* 45 AD3d 519 [2007]; *Tiffany at Westbury Condominium v Marelli Dev. Corp.,* 40 AD3d 1073, 1076 [2007]).

The plaintiff also failed to state causes of action against the Rubins to recover damages for fraudulent concealment and breach of contract. New York adheres to the doctrine of caveat emptor and imposes no liability on a seller for failing to disclose information concerning the condition of the premises when the parties deal at arm's length, unless there is some conduct on the part of the seller which would constitute active concealment (*see Simone v Homecheck Real Estate Servs., Inc.,* 42 AD3d 518, 520 [2007]; *Matos v Crimmins,* 40 AD3d 1053 [2007]; *Jablonski v Rapalje,* 14 AD3d 484, 485 [2005]). "To maintain a cause of action to recover damages for active concealment in the context of a fraudulent nondisclosure, the buyer must show, in effect, that the seller thwarted the buyer's efforts to fulfill the buyer's responsibilities fixed by the doctrine of caveat emptor" (*Simone v Homecheck Real Estate Servs., Inc.,* 42 AD3d at 520). In light of the particularity required in pleading a fraud cause of action (*see* CPLR 3016 [b]), the plaintiff's conclusory allegation that the Rubins "concealed and obstructed" the alleged termite infestation and water damage from view, without any factual details as to the manner in which these conditions were concealed, was insufficient to state a cause of action (*see Jae Heung Yoo v Se Kwang Kim,* 289 AD2d 451 [2001]; *London v Courduff,* 141 AD2d 803 [1988]). Furthermore, the plaintiff's cause of action to recover damages for breach of contract against the Rubins must fail since the contract expressly provided that the premises were being sold "as is" (*see Kasten v Golden,* 50 AD3d 1098 [2008]; *Rivietz v Wolohojian,* 38 AD3d 301 [2007]), and because it is barred by the doctrine of merger (*see Ka Foon Lo v Curis,* 29 AD3d 525 [2006]; *Fabozzi v Coppa,* 5 AD3d 722 [2004]; *Rothstein v Equity Ventures,* 299 AD2d 472, 475 [2002]).

Finally, we reject the plaintiff's contention that her application for leave to replead her cause of action alleging fraudulent concealment against the Rubins should have been granted. Pursuant to former CPLR 3211 (e), which was in effect at the time of the application, the plaintiff was required to demonstrate the existence of a "good ground" to support a cause of action alleging fraudulent concealment. Since the plaintiff proffered no evidence to establish a "good ground," and made no argument as to why such good ground existed, the court providently exercised its discretion by, in effect, denying her application (*see Vigiletti v Sears, Roebuck & Co.,* 42 AD3d 497 [2007]; *Island Surgical Supply Co. v Allstate Ins. Co.,* 32 AD3d 824 [2006]; *Andux v Woodbury Auto Park, Inc.,* 30 AD3d 362 [2006]). Mastro, J.P., Covello, Dickerson and Eng, JJ., concur.