■ CHRISTINE SMITH-HOY et al., Appellants, v AMC PROPERTY EVALUATIONS, INC., Doing Business as HOUSEMASTER, et al., Respondents, et al., Defendants. [862 NYS2d 513]—

In a consolidated action, inter alia, to recover damages for breach of contract and negligence, the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (McCarty, J.), dated March 28, 2007, which granted that branch of the motion of the defendants AMC Property Evaluations, Inc., doing business as Housemaster, and James D. Schaefer which was for partial summary judgment dismissing the complaint insofar as asserted against them to the extent that it seeks to recover damages in excess of an inspection fee and denied that branch of their cross motion which was for leave to amend the complaint, and (2) an order of the same court entered August 21, 2007, which denied their motion, inter alia, for leave to reargue and granted the motion of the defendant HMA Franchise Systems, Inc., to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211 (a) (1).

Ordered that the appeal from so much of the order entered August 21, 2007, as denied that branch of the plaintiffs' motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated March 28, 2007 is affirmed; and it is further,

Ordered that the order entered August 21, 2007 is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The plaintiffs hired the defendant AMC Property Evaluations, Inc., doing business as Housemaster (hereinafter AMC), a home inspection company, to conduct a prepurchase inspection of a house they wanted to purchase and prepare a report. Under the terms of the agreement, if AMC was found liable for any loss or damage arising out of the inspection and report, its liability would be limited to the fee paid for these services, the sum of $485. The plaintiffs subsequently commenced this action against, among others, AMC and James D. Schaefer, the employee who conducted the inspection, contending that Schaefer negligently performed the inspection and breached the contract. AMC and Schaefer moved, inter alia, for partial summary judgment dismissing the complaint insofar as asserted against them to the extent that it seeks to recover damages in excess of the inspection fee. The plaintiffs cross-moved, inter alia, for leave to amend the complaint to allege gross negligence and that the exculpatory clause in the agreement was unenforceable. In an order dated March 28, 2007, the Supreme Court granted that branch of the motion of AMC and Schaefer which was for partial summary judgment dismissing the complaint insofar as asserted against them to the extent it seeks to recover damages in excess of the inspection fee and denied that branch of the plaintiffs' cross motion which was for leave to amend the complaint.

The plaintiffs commenced a second action against the defendant HMA Franchise Systems, Inc. (hereinafter HMA), the franchisor of AMC, alleging that HMA was vicariously liable for the actions of AMC and Schaefer. The action against HMA was then consolidated with the action against AMC and Schaefer. HMA moved to dismiss the complaint insofar as asserted against it on the ground that the franchise agreement provided documentary evidence that no agency relationship existed between HMA and AMC. The plaintiffs moved, inter alia, for leave to reargue their opposition to that branch of the motion of AMC and Schaefer which was for partial summary judgment, which had been determined in the order dated March 28, 2007. The Supreme Court granted HMA's motion to dismiss the complaint insofar as asserted against it and denied the plaintiffs' motion.

Contrary to the plaintiffs' contention, the Supreme Court properly held that the liability of AMC and Schaefer should be limited to the sum paid for the prepurchase inspection and report. A clear contractual provision limiting damages is enforceable absent a special relationship between the parties, a statutory prohibition, or an overriding public policy (*see Colnaghi, U.S.A. v Jewelers Protection Servs.*, 81 NY2d 821

[1993]; *Sommer v Federal Signal Corp.*, 79 NY2d 540, 553 [1992]; *Schietinger v Tauscher Cronacher Professional Engrs., P.C.*, 40 AD3d 954, 955 [2007]; *Canto v Ameri Spec Home Inspection Serv.*, 8 Misc 3d 130[A], 2005 NY Slip Op 51037[U] [2005]), none of which were demonstrated here. Moreover, while a party may not limit its liability for damages caused by its own grossly negligent conduct (*see Colnaghi, U.S.A. v Jewelers Protection Servs.*, 81 NY2d 821 [1993]; *Sommer v Federal Signal Corp.*, 79 NY2d at 553; *Schietinger v Tauscher Cronacher Professional Engrs., P.C.*, 40 AD3d at 955; *Peluso v Tauscher Cronacher Professional Engrs.*, 270 AD2d 325 [2000]), Schaefer's alleged failure to properly conduct the inspection does not rise to the level of gross negligence (*see Clement v Delaney Realty Corp.*, 45 AD3d 519 [2007]; *L&S Motors, Inc. v Broadview Networks, Inc.*, 25 AD3d 767 [2006]). Accordingly, the provision limiting the liability of AMC and Schaefer is enforceable.

The Supreme Court properly denied that branch of the plaintiffs' cross motion which was for leave to amend their complaint. A motion for leave to amend the complaint pursuant to CPLR 3025 (b) should be freely granted unless the proposed amendment is "palpably insufficient" to state a cause of action or is patently devoid of merit (*Lucido v Mancuso*, 49 AD3d 220, 229 [2008]). Here, the insufficiency and lack of merit of the plaintiffs' proposed amended claims was "clear and free from doubt" (*id.* at 227; *cf. Sample v Levada*, 8 AD3d 465, 467-468 [2004]).

The Supreme Court also properly granted HMA's motion to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211 (a) (1). Absent proof of a principal/agency relationship or proof that a franchisor exercised a high degree of control over its franchisee, there is no basis for holding a franchisor responsible for its franchisee's misconduct (*see Friedler v Palyompis*, 12 AD3d 637, 638 [2004]; *Matter of Sperte v Shaffer*, 111 AD2d 856, 858 [1985]). HMA presented documentary evidence that no such relationship existed, and that AMC was a mere franchisee over which HMA lacked the requisite supervision, direction, or control (*see Terrano v Fine*, 17 AD3d 449 [2005]; *Tobacco v North Babylon Fire Dept.*, 251 AD2d 398, 399-400 [1998]).

The plaintiffs' remaining contentions are without merit. Santucci, J.P., Angiolillo, Eng and Chambers, JJ., concur.