■ KEVIN R. JOHNSTON, Appellant, v MGM EMERALD ENTERPRISES, INC., et al., Respondents. (And Third-Party Actions.) [893 NYS2d 176]—

On February 14, 1997, the defendant MGM Emerald Enterprises, Inc. (hereinafter MGM), and the plaintiff's decedent (hereinafter the landlord) entered into a 10-year lease for a portion of certain premises located on Nesconset Highway in Stony Brook. The defendants Dennis J. Gandley and Michael G. Murphy, as MGM's principals, executed a guarantee for the pay-

ment of all rent due the landlord and also agreed that, in case of a default by MGM, each of them would be jointly and severally liable to the landlord for the sum of $156,000, representing one year's rent. The guarantee provided that "[s]aid amount shall be considered a fair and reasonable sum to compensate Owner for said breach of Lease, and in consideration of Owner not seeking the rent due and owing for the then outstanding remainder of the Term of the Lease."

The lease was assigned by MGM to the defendant AMLG Enterprises,. Inc. (hereinafter AMLG), on November 2, 2000. Anthony Noto, as AMLG's principal, guaranteed the payment of rent to the landlord. Gandley and Murphy executed a subsequent guarantee in favor of the landlord on November 2, 2000, which also included language stating that an amount equal to one year's rent would be owed in the event of a default by the tenant or AMLG, and was to be paid in consideration for the landlord's forbearance in seeking the remainder of the rent due under the lease.

Eventually, AMLG defaulted on its lease obligations, and the landlord obtained a warrant of eviction, dated November 9, 2001. The landlord commenced this action against MGM, AMLG, and Noto, inter alia, for breach of the lease, and against Gandley and Murphy to recover under the guarantees.

The plaintiff moved for summary judgment on the complaint. The plaintiff sought to recover, inter alia, the sum of $949,000 from MGM, AMLG, and Noto, representing "rent due and owing," and the sum of $156,000 from Gandley and Murphy pursuant to the guarantees executed by them. The Supreme Court, among other things, denied those branches of the plaintiff's motion which were for summary judgment on the issue of liability against AMLG and Noto, and for summary judgment on the issue of damages.

Eviction terminates the landlord-tenant relationship, thereby precluding a landlord from seeking rent after the eviction from a former, evicted tenant unless the lease specifically provides that the tenant remains liable for rent following an eviction (*see Holy Props. v Cole Prods.*, 87 NY2d 130, 134 [1995]). However, "[a] clear contractual provision limiting damages is enforceable absent a special relationship between the parties, a statutory prohibition, or an overriding public policy" (*Schietinger v Tauscher Cronacher Professional Engrs., P.C.*, 40 AD3d 954, 955 [2007]).

Here, the lease provided that the tenant would remain liable for rent even in the event that the lease was terminated by summary proceedings. However, a rider to the lease, the provi-

sions of which controlled in the event of a conflict between its provisions and those contained in the preprinted portion of the lease, stated that, as inducement for the landlord to lease the premises, Gandley and Murphy personally guaranteed payment of an amount equal to one year's rent in the event of a default. Thus, while the parties to the lease agreed to extend the liability of the tenant with respect to the payment of rent posteviction, they also agreed to limit that liability to an amount equal to rent for a period of one year. Since there was neither a special relationship between the parties, nor any statutory prohibition or any overriding public policy, the clear contractual provision in the guarantee limiting damages is enforceable (*id.*).

The Supreme Court erroneously determined that the plaintiff did not meet his burden of establishing his prima facie entitlement to judgment as a matter of law on the issue of damages as against MGM, Gandley, and Murphy. A contract will be interpreted in accordance with the intent of the parties as expressed in the language of the agreement (*see Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]; *W.W.W. Assoc. v Giancontieri*, 77 NY2d 157 [1990]). A written agreement that is complete, clear, and unambiguous on its face must be enforced according to the plain meaning of its terms (*see South Rd. Assoc., LLC v International Bus. Machs. Corp.*, 4 NY3d 272, 277 [2005]). Therefore, the plaintiff was entitled to summary judgment on the issue of damages in the sum of $156,000 as against MGM, Gandley, and Murphy. While the plaintiff sought to recover damages in the sum of $949,000 from MGM, the clear, unambiguous terms of the guarantee capped the rent which could be recovered in the event of a breach of the lease at the sum of $156,000, i.e., one year's rent (*see Schietinger v Tauscher Cronacher Professional Engrs., P.C.*, 40 AD3d at 955). Moreover, we note that the plaintiff, in his brief, concedes that Gandley and Murphy are entitled to a credit in the sum of $26,000 against the sum of $156,000 due under the guarantees.

In opposition, MGM, Gandley, and Murphy, inter alia, asserted that they were entitled to certain offsets, which the Supreme Court determined raised a triable issue of fact. We disagree. The unambiguous guarantee did not allow for the consideration of any offsets against the guaranteed sum of $156,000, and the Supreme Court erred in inserting extraneous terms or modifying the language of the guarantee (*see Bailey v Fish & Neave*, 8 NY3d 523, 528 [2007]; *Vermont Teddy Bear Co. v 538 Madison Realty Co.*, 1 NY3d 470, 475 [2004]).

The Supreme Court also erred in denying that branch of the plaintiff's motion which was for summary judgment on the is-

sue of liability against AMLG and Noto on the ground that the plaintiff failed to annex a copy of their answer to his motion papers, as the record shows that the plaintiff did, in fact, annex a copy of AMLG and Noto's answer to his motion papers. Therefore, the Supreme Court should have granted that branch of the motion as against AMLG and Noto inasmuch as the plaintiff established, prima facie, his entitlement to judgment as a matter of law by demonstrating AMLG and Noto's breach of the lease and Noto's liability on the guarantee (*see* CPLR 3212 [b]). Accordingly, the plaintiff is entitled to recover an award in the sum of $949,000 against AMLG and Noto, representing the full amount of rent due for the reminder of the term of the lease. Prudenti, P.J., Skelos, Covello and Austin, JJ., concur.