■ BARRY A. FINSEL, Also Known as B. ALEX FINSEL, Appellant, v JOYCE C. WACHALA et al., Defendants, and CAPITAL HOME SERVICES, LLC, Respondent. [915 NYS2d 323]—

Kavanagh, J. Appeal from that part of an order of the Supreme Court (Reilly Jr., J.), entered August 19, 2009 in Schenectady County, which granted a motion by defendant Capital Home Services, LLC for summary judgment dismissing the complaint against it.

Plaintiff hired defendant Capital Home Services, LLC (hereinafter defendant) to perform an inspection on a building that he was purchasing in Schenectady County. On June 25, 2006, Markus Snedaker, an inspector employed by defendant, arrived at the property and performed the inspection while accompanied by plaintiff. After the inspection was completed, plaintiff signed a written inspection agreement prepared by Snedaker, which set forth the scope of the inspection and, by its terms, limited defendant's liability for the services it provided. Later that day, Snedaker gave plaintiff a report based on the inspection which identified, among other things, a "potential major" issue with

the building's heating system and recommended that it be evaluated by a heating specialist. Snedaker's report also concluded that the furnace was not operational and that ductwork in the building appeared to be incomplete. He also noted in the report that a significant amount of condensation was present in the building's basement.

Plaintiff did not consult with a heating specialist prior to purchasing the building, and only after he took title did he realize that the building's heating system was not operational. Plaintiff subsequently commenced this action against, among others, defendant[1] alleging that Snedaker was grossly negligent for failing to determine that the building, as constructed, did not comply with existing codes and ordinances and in the way he performed the inspection. Defendant moved for, among other things, summary judgment dismissing the complaint. Supreme Court granted defendant's motion, and plaintiff now appeals.[2]

The inspection agreement signed by plaintiff specifically stated that the inspector did not "test heating or cooling distribution of ducts" and only evaluated mechanical systems in the building in light of their "operating performance on the day of inspection." Moreover, it provided that the inspection was not performed to determine whether the building was in compliance with existing codes or regulations and limited defendant's liability to the fee paid by plaintiff for the inspection.[3]

Plaintiff, while he acknowledges reading and signing the agreement, argues that he should not be bound by it because it was unconscionable and constituted a contract of adhesion. In support of this contention, he points to the fact that the agreement was only presented to him after the inspection had been completed and at a time when he claims not to have been in a position to refuse to sign it. However, the record established that, prior to the inspection, plaintiff had access to a list of firms that perform such inspections and was under no obligation to retain defendant for this service. He admits accompanying Snedaker during the inspection, actively participating in it

---

1. Plaintiff also sued the seller as well as the real estate agency that brokered the sale.

2. While defendant made this motion for summary judgment before issue was joined, plaintiff failed to make a timely objection on the ground that it was premature (see CPLR 3212 [a]; *Erie Ins. Group v National Grange Mut. Ins. Co.*, 63 AD3d 1412, 1414 n 2 [2009]; see also *Roche v Claverack Coop. Ins. Co.*, 59 AD3d 914, 916 [2009]) and he cannot make this argument for the first time on appeal (see *Avraham v Allied Realty Corp.*, 8 AD3d 1079 [2004]).

3. The agreement also stated that the parties would submit any dispute to binding arbitration. However, the parties waived this provision and agreed to litigate this matter in Supreme Court.

and signing the agreement only after he had read it. Plaintiff suggests that, had he known that defendant would ask him to sign an agreement that placed such severe limitations on its potential liability, he would have retained another firm to perform the inspection. However, this option—hiring someone else to inspect the property—remained available to plaintiff after the inspection had been completed and, more importantly, before he signed the agreement. Moreover, there is no evidence in the record to support plaintiff's "contentions that [Snedaker] used high pressure tactics, deceptive language or unequal bargaining power" to get plaintiff to retain his firm or sign this agreement (*Berger-Vespa v Rondack Bldg. Inspectors*, 293 AD2d 838, 841 [2002]; *see* 22 NY Jur 2d, Contracts § 145). As such, we cannot conclude that this agreement was a contract of adhesion and, therefore, unenforceable (*see Clement v Delaney Realty Corp.*, 45 AD3d 519, 520-521 [2007]).

Next, we turn to plaintiff's claim that Supreme Court erred in finding that defendant was not grossly negligent in the manner in which it performed this inspection and should have denied its motion for summary judgment. " '[G]ross negligence' differs in kind, not only degree, from claims of ordinary negligence. It is conduct that evinces a reckless disregard for the rights of others or 'smacks' of intentional wrongdoing" (*Colnaghi, U.S.A. v Jewelers Protection Servs.*, 81 NY2d 821, 823-824 [1993], quoting *Sommer v Federal Signal Corp.*, 79 NY2d 540, 554 [1992]). Plaintiff alleges that Snedaker was guilty of gross negligence in failing to detect that the building's "heat delivery system was a hoax" and showed a callous disregard for his property rights by failing to fulfill a promise he made to take another look at the building's heating system. However, this claim simply cannot be reconciled with what is plainly set forth in the inspection report regarding the problems that might exist with the building's heating system and the limited nature of the inspection that defendant conducted. Furthermore, there is no evidence in the record to support plaintiff's contention that Snedaker agreed to return to the building to perform another inspection on the heating system. On these facts, we agree with Supreme Court that defendant established as a matter of law that Snedaker was not grossly negligent (*see Smith-Hoy v AMC Prop. Evaluations, Inc.*, 52 AD3d 809, 811 [2008]; *Mancuso v Rubin*, 52 AD3d 580, 583 [2008]; *Schietinger v Tauscher Cronacher Professional Engrs., P.C.*, 40 AD3d 954, 956 [2007]; *see also Rector v Calamus Group, Inc.*, 17 AD3d 960, 961-962 [2005]), and its motion for summary judgment dismissing the complaint was properly granted.

Mercure, J.P., Malone Jr., Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.