Mercure, J.P.
Appeals (1) from an order of the Supreme Court (Becker, J.), entered March 14, 2012 in Delaware County, which, upon reargument, granted a motion by defendants Keystone Trozze, LLC and Keystone Associates, LLC for partial summary judgment limiting the scope of their liability, and (2) from a supplemental order of said court, entered March 20, 2012 in Delaware County which denied plaintiffs’ cross motion for reargument.
Plaintiffs commenced this negligence and breach of contract action against defendants Keystone Trozze, LLC and Keystone *1169 Associates, LLC (hereinafter collectively referred to as Keystone), which they had hired to design their residence, and the general contractor that built the residence. Keystone moved for partial summary judgment enforcing the limitation of liability clause contained in its contract with plaintiffs, which provides in relevant part that plaintiffs £<agree[d], to the fullest extent permitted by law, to limit the liability of [Keystone] ... to [plaintiffs] ... for any and all claims, losses, costs, damages of any nature whatsoever or claims expenses from any cause or causes, so that the total aggregate liability of [Keystone] . . . shall not exceed [its] total fee for services rendered on this project.” Supreme Court, upon reargument, granted partial summary judgment to Keystone, holding that, in the event of a judgment in favor of plaintiffs, Keystone’s liability is limited to the amount of fees paid by plaintiffs to Keystone, plus interest and costs. In a separate order, the court denied plaintiffs’ cross motion for reargument. Plaintiffs appeal from both orders, and we now affirm the grant of partial summary judgment to Keystone.
“As a general rule, parties are free to enter into contracts that absolve a party from its own negligence or that limit liability to a nominal sum” (Abacus Fed. Sav. Bank v ADT Sec. Servs., Inc., 18 NY3d 675, 682-683 [2012] [citations omitted]). As a matter of public policy, however, exculpatory or limitation of liability clauses are not enforceable in the face of grossly negligent conduct (see id. at 683; Sommer v Federal Signal Corp., 79 NY2d 540, 554 [1992]; Kalisch-Jarcho, Inc. v City of New York, 58 NY2d 377, 384-385 [1983]). “This applies equally to contract clauses purporting to exonerate a party from liability and clauses limiting damages to a nominal sum” (Sommer v Federal Signal Corp., 79 NY2d at 554).
Here, plaintiffs allege that a letter they received from Keystone in 2001 proves that Keystone failed to use the flood elevation report provided by plaintiffs’ surveyor or to consult with the local Federal Emergency Management Agency coordinator when designing the home, as Keystone was contractually obligated to do.* Plaintiffs claim that, as a result of Keystone’s allegedly faulty design plans, the first floor of their home was built almost two feet lower than applicable regulations allow, leading to increased flood insurance premiums, among other *1170 things. Plaintiffs contend that Keystone’s conduct constitutes gross negligence, abrogating the limitation of liability clause.
We disagree. The parties do not dispute the legal standard to be applied in determining whether conduct amounts to “gross negligence.” In this context, it is settled that “[g]ross negligence differs in kind, not only in degree, from claims of ordinary negligence. It is conduct that evinces a reckless disregard for the rights of others or smacks of intentional wrongdoing” (Finsel v Wachala, 79 AD3d 1402, 1404 [2010] [internal quotation marks and citations omitted]; see Abacus Fed. Sav. Bank v ADT Sec. Servs., Inc., 18 NY3d at 683).
In our view, even assuming that the letter relied upon by plaintiffs may ultimately be used to prove a breach of contract or professional malpractice by Keystone, it does not raise a question of fact as to whether Keystone was grossly negligent. That is, while plaintiffs may have stated causes of action based upon breach of contract and common-law negligence, the conduct alleged does not evince the necessary reckless indifference to the rights of others that would render the limitation of liability clause unenforceable (see Colnaghi, U.S.A. v Jewelers Protection Servs., 81 NY2d 821, 824 [1993]; David Gutter Furs v Jewelers Protection Servs., 79 NY2d 1027, 1029 [1992]; Rector v Calamus Group, Inc., 17 AD3d 960, 961-962 [2005]; compare Abacus Fed. Sav. Bank v ADT Sec. Servs., 18 NY3d at 683-684; Kalisch-Jarcho, Inc. v City of New York, 58 NY2d at 385). Accordingly, Supreme Court properly granted partial summary judgment in Keystone’s favor.
Finally, plaintiffs’ appeal from the denial of their motion to reargue must be dismissed, inasmuch as no appeal lies therefrom (see Putney v People, 94 AD3d 1193, 1195 [2012], appeal dismissed 19 NY3d 1020 [2012]; Cheney v Cheney, 86 AD3d 833, 838 [2011]). Plaintiffs’ remaining argument is not preserved for our review.
Lahtinen, McCarthy and Garry, JJ., concur. Ordered that the order entered March 14, 2012 is affirmed, without costs. Ordered that the appeal from the supplemental order entered March 20, 2012 is dismissed, without costs.

 In the letter, Keystone stated: “[YJour Foundation/Building Contractor should have transferred th[e] information [regarding flood data] to the building site and established the finished first floor elevation. Keystone . . . was not retained to perform or coordinate any of this work. We are also not responsible for means or methods of construction.”