*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 17, 2014          517271
_____

AGILITY FUNDING, LLC,
                    Respondent,

        v

DOUGLAS WHOLEY et al.,                    MEMORANDUM AND ORDER
                    Appellants,
                    et al.,
                    Defendants.
_____

Calendar Date:  June 6, 2014

Before:  Lahtinen, J.P., Stein, Egan Jr., Devine and Clark, JJ.

_____

        Newell & Klingebiel, Glens Falls (Mark C. Rehm of counsel),
for appellants.

        Nolan & Heller, LLP, Albany (Justin A. Heller of counsel),
for respondent.

_____

Egan Jr., J.

        Appeal from an order of the Supreme Court (McKeighan, J.),
entered March 15, 2013 in Warren County, which, among other
things, granted plaintiff's motion for partial summary judgment.

        In August 2005, plaintiff made certain loans to Rolf
Ronning in connection with his attempts to, insofar as is
relevant here, develop a subdivision known as the "Saddlebrook
Property" in the Town of Bolton, Warren County.  The property,
which consisted mostly of vacant land, was improved by a single-
family residence located on lot No. 3 thereof.  Thereafter, in
December 2006, defendants Douglas Wholey and Pamela Wholey
(hereinafter collectively referred to as defendants) entered into

a contract with Ronning to purchase lot Nos. 3 and 4 in the planned subdivision for $675,000. In conjunction therewith, defendants gave Ronning a deposit in the amount of $33,750; Ronning, in turn, allegedly granted defendants the right to occupy a portion of the premises prior to closing. When the property failed to close due to an apparent lack of subdivision approval, defendants entered into a second contract with Ronning in September 2008, which was merged with the prior contract. Pursuant to the terms of this latter agreement, the purchase price was reduced to $660,000, and defendants tendered an additional $100,000 deposit.

Ronning defaulted on his loans and, in October 2008, plaintiff commenced a foreclosure action against him and others; as defendants' contracts with Ronning were not duly recorded in the Warren County Clerk's office, defendants were not named as parties to the foreclosure action. Nonetheless, in April 2009, during the pendency of the foreclosure action, plaintiff, defendants, Ronning and another entered into an agreement permitting defendants to purchase lot Nos. 3 and 4 upon approval of a short sale from IndyMac Federal Bank, which held a prior mortgage on the property, subject to various terms and conditions. This transaction, however, was not realized and, in June 2009, plaintiff was granted a judgment of foreclosure and sale. Plaintiff purchased the property at the ensuing foreclosure sale, satisfied the prior IndyMac mortgage and pursued various approvals for the subdivision.

In November 2009, defendants advised Ronning that they were terminating "any and all contracts" relative to lot Nos. 3 and 4 and demanded a return of their deposit moneys. Thereafter, in March 2010, plaintiff informed defendants that it had acquired subdivision approval for the Saddlebrook development and inquired as to whether they were still interested in purchasing the subject lots. Defendants, through their attorney, indicated that they would not be proceeding with the transaction.

Despite the underlying judgment of foreclosure, plaintiff's resulting acquisition of the property, defendants' termination of their contracts with Ronning and their corresponding rejection of plaintiff's offer to sell them the lots at issue, defendants

continued to assert an interest in the property and, indeed, apparently continued to occupy the improved premises until such time as plaintiff succeeded in having them evicted in September 2010. As a result, plaintiff commenced this strict foreclosure action (see RPAPL 1352) against, among others, defendants in August 2012. Defendants answered, counterclaimed and raised various affirmative defenses. Plaintiff thereafter moved for, among other things, summary judgment on its strict foreclosure cause of action against defendants and dismissal of defendants' affirmative defenses and counterclaim. Supreme Court granted plaintiff's motion in this regard finding, in essence, that defendants' own conduct deprived them of any right of redemption that they otherwise may have possessed in the subject lots. This appeal by defendants ensued.

We affirm. To the extent that defendants contend that plaintiff's motion for summary judgment was untimely, we note that this issue is unpreserved for our review (cf. Finsel v Wachala, 79 AD3d 1402, 1403 n 2 [2010]) and, in any event, is lacking in merit. Plaintiff moved for summary judgment after issue was joined and prior to the filing of the note of issue; hence, its motion was timely (see CPLR 3212 [a]; Oakes v Muka, 56 AD3d 1057, 1058 [2008]).

Turning to the merits, plaintiff commenced the underlying strict foreclosure action to extinguish defendants' claimed right of redemption in the subject parcels (see RPAPL 1352; Bass v D. Ragno Realty Corp., 111 AD3d 863, 864-865 [2013]). In support of their subsequent motion for summary judgment, plaintiff tendered, among other things, the underlying judgment of foreclosure and sale, the referee's deed transferring the property — including the subject lots — to plaintiff and documentation evidencing defendants' termination of "any and all contracts" with Ronning relative to the lots at issue, their subsequent rejection of plaintiff's offer to sell them such lots and their eventual eviction therefrom. Such proof, in our view, was more than sufficient to discharge plaintiff's initial burden on the motion for summary judgment. In opposition, defendants tendered the affidavit of Douglas Wholey, wherein he conceded that defendants terminated their contract with Ronning and thereafter rejected plaintiff's offer to sell them the lots at issue, thereby — as

Supreme Court found – effectively extinguishing any possessory interest that they otherwise may have had in the property. Under these circumstances, Supreme Court properly granted plaintiff summary judgment on its strict foreclosure cause of action against defendants. In light of this conclusion, it necessarily follows that Supreme Court also properly dismissed defendants' first and second affirmative defenses for failure to state a cause of action.

As for defendants' third affirmative defense, "[a]ssuming, without deciding, that the defense of unclear hands is applicable to a mortgage foreclosure action, defendants failed to present evidence of immoral or unconscionable conduct by plaintiff, or that any such conduct was directly related to or caused" defendants' inability to purchase the subject lots (PHH Mtge. Corp. v Davis, 111 AD3d 1110, 1112 [2013], lv dismissed 23 NY3d 940 [2014] [internal quotation marks and citations omitted]). Accordingly, Supreme Court properly dismissed this affirmative defense. We reach a similar conclusion with regard to defendants' counterclaim for fraud, as the record fails to demonstrate, among other things, that plaintiff made a knowing misrepresentation regarding its willingness to sell the subject lots to defendants. Further, defendants' claimed injuries – whether in the form of the failed real estate transaction or the loss of their deposit moneys – are not the product of any action undertaken or representation made by plaintiff but, rather, are directly attributable to the alleged misdeeds perpetrated by Ronning.[1] For all these reasons, defendants' counterclaim was properly dismissed. Defendants' remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Lahtinen, J.P., Stein, Devine and Clark, JJ., concur.

---

[1] Defendants assert that Ronning appropriated the deposit moneys that were supposed to be held in the escrow account established under the purchase and sale contract and spent such funds prior to his death.

ORDERED that the order is affirmed, with costs.




                    ENTER:

                    Robert D. Mayberger
                    Clerk of the Court