■ CAME REALTY, LLC, Respondent, v CANADIAN IMPERIAL BANK OF COMMERCE, Appellant. [780 NYS2d 289]—

In an action, inter alia, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Rockland County (Nelson, J.), dated September 29, 2003, which granted the plaintiff's motion for summary judgment and denied its cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court properly determined that the November 8, 2002, letter from the defendant's attorney to the plaintiff constituted a binding agreement, because it identified the parties, described the subject matter, stated the essential terms, and was signed by the party to be charged (see General Obliga-

tions Law § 5-703 [2]; *160 Chambers St. Realty Corp. v Register of City of N.Y.,* 226 AD2d 606 [1996]). The plaintiff therefore made a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). In opposition, the defendant failed to produce evidentiary proof to establish the existence of a material issue of fact which would require a trial (*see Zuckerman v City of New York,* 49 NY2D 557, 562-563 [1980]). We reject the defendant's defense of impossibility to perform under the contract, since impossibility must be "produced by an unanticipated event that could not have been foreseen or guarded against in the contract" (*Kel Kim Corp. v Central Mkts.,* 70 NY2d 900, 902 [1987]). The defendant could have foreseen or guarded against the possibility that the mortgagor would tender payment before the date of the foreclosure sale. Smith, J.P., Krausman, Crane and Spolzino, JJ., concur.