■ ESTATES AT MOUNTAINVIEW, LTD., Respondent, v HIROSHI NAKAZAWA, Appellant. [833 NYS2d 550]—

In an action to recover damages for breach of contract and for specific performance of a contract for the sale of real property, the defendant appeals from an order of the Supreme Court, Rockland County (Nelson, J.), entered January 19, 2006, which denied his motion for summary judgment dismissing the complaint and granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on its causes of action to recover damages for breach of contract.

Ordered that the order is affirmed, with costs.

In opposition to the plaintiff's prima facie showing of entitlement to judgment as a matter of law on the issue of liability on its causes of action to recover damages for breach of contract, the defendant failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The defendant did not raise an issue of fact as to his defense of impossibility to perform under the contract because impossibility must be "produced by an unanticipated event that could not have been foreseen or guarded against in the contract" (*Kel Kim Corp. v Central Mkts.*, 70 NY2d 900, 902 [1987]). Here, the defendant could have foreseen or guarded against the possibility that a prior contract of sale of the subject real property to a third party would remain valid. Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint, and granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on its causes of action to recover damages for breach of contract.

The defendant's remaining contentions are not properly before this Court or are without merit. Rivera, J.P., Ritter, Goldstein and Angiolillo, JJ., concur.