■ JOSEPH MCCARTHY et al., Respondents, v STEVEN W. YOUNG, Doing Business as STEVEN W. YOUNG, G.C., et al., Appellants, et al., Defendant. [871 NYS2d 309]

Accepting the allegations of the complaint as true, according the plaintiffs the benefit of every favorable inference, and determining only whether the facts alleged "fit within any cognizable legal theory" (*Sokoloff v Harriman Estates Dev. Corp.,* 96 NY2d 409, 414 [2001]; *see Leon v Martinez,* 84 NY2d 83, 87-88 [1994]), the complaint sets forth a cognizable cause of action to recover damages for breach of contract against the defendant Steven W. Young, doing business as Steven W. Young, G.C. The subject contract did not clearly state that it was entered into between the plaintiffs and the corporate defendant, Steven Young General Contractor, Inc. (*cf. Metropolitan Switch Bd. Co., Inc. v Amici Assoc., Inc.,* 20 AD3d 455, 455-456 [2005]).

"Whether the complaint will later survive a motion for summary judgment, or whether the plaintiff[s] will ultimately be able to prove [their] claims, of course, plays no part in the determination of a pre-discovery CPLR 3211 motion to dismiss" (*Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP,* 38 AD3d 34, 38 [2006]). Accordingly, at this pre-discovery stage, the Supreme Court properly denied that branch of the motion which was to dismiss the complaint insofar as asserted against Steven W. Young, doing business as Steven W.

Young, G.C. Rivera, J.P., Angiolillo, Dickerson and Chambers, JJ., concur.