(January 27, 2009)

ASHLEY HOMES OF LONG ISLAND, INC., Respondent, v COUNTY OF SUFFOLK, Appellant, et al., Defendant. [872 NYS2d 170]—

In an action, inter alia, for specific performance and to recover damages for breach of contract, the defendant County of Suffolk appeals from so much of an order of the Supreme Court, Suffolk County (R. Doyle, J.), dated March 27, 2007, as denied that branch of its motion which was for summary judgment dismissing the cause of action to recover damages for breach of contract insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, Ashley Homes of Long Island, Inc. (hereinafter Ashley), commenced this action, inter alia, for specific performance and to recover damages for breach of a contract to purchase a parcel of property from the defendant County of Suffolk.

The County acquired the property by tax deed on July 1, 1998, after a tax lien sale following the failure of the defendant prior owner, Manuel C. Gavales, to pay his property taxes. The County Treasurer's notice to Gavales at a particular address dated August 21, 1997, informing him that it was acquiring the prop-

erty by tax sale, was returned undelivered. A second notice that the County sent to another address on February 28, 2001, was likewise returned undelivered.

The contract with Ashley contained a limitation of remedies provision which, inter alia, entitled the County to cancel the contract and refund Ashley's down payment if title to the property was "uninsurable." Ashley's title insurance policy provided that as an "exception from coverage, the company will require proof that . . . Gavales, prior record owner . . . received proper notice of the tax sale."

The County received a title report which noted the exception. In response to the exception, the County sent another notice to Gavales at a newly-obtained address, and Gavales received the notice. Gavales redeemed the property, and the County cancelled the contract with Ashley under the limitation of remedies provision since the title to the property was "uninsurable."

At the close of discovery, the County moved, inter alia, for summary judgment dismissing the cause of action to recover damages for breach of contract insofar as asserted against it and Ashley cross-moved for summary judgment on the issue of liability.

The County failed to establish, prima facie, that it was entitled to judgment as a matter of law on the ground that the title to the property was uninsurable. In fact, an insurance policy was issued, albeit subject to exceptions (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *GTF Mktg. v Colonial Aluminum Sales,* 66 NY2d 965, 967 [1985]; *cf. Francis v D & W Saratoga, Inc.,* 49 AD3d 597, 598 [2008]). Thus, it is not necessary to consider the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]). We note that, at trial, the County may not rely on the defense of impossibility of performance since the inability to convey title was not "an unanticipated event that could not have been foreseen or guarded against in the contract" (*Kel Kim Corp. v Central Mkts.,* 70 NY2d 900, 902 [1987]; *cf. Estates At Mountainview, Ltd. v Nakazawa,* 38 AD3d 828 [2007]; *Came Realty, LLC v Canadian Imperial Bank of Commerce,* 10 AD3d 348 [2004]). Mastro, J.P., Skelos, Balkin and Belen, JJ., concur.