■ PLEASANT HILL DEVELOPERS, INC., Appellant, v FOXWOOD ENTERPRISES, LLC, et al., Respondents. [885 NYS2d 531]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Orange County (Giacomo, J.), dated July 3, 2008, as denied that branch of its motion which was for summary judgment on the issue of liability on the causes of action to recover damages for breach of contract, and granted that branch of the defendants' cross motion which was for summary judgment limiting their liability to the sum of $15,000.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the causes of action to recover damages for breach of contract is granted, and that branch of the defendants' cross motion which was for summary judgment limiting their liability to the sum of $15,000 is denied.

In 2003 the plaintiff's predecessors-in-interest to a certain parcel of real property entered into a contract for the sale of that parcel (hereinafter the property), which is located in the Town of Cornwall and was owned by the defendant Foxwood Enterprises, LLC (hereinafter Foxwood). The contract provided that if Foxwood did not receive final approval from the Town Planning Board for a six-lot subdivision of the property by December 31, 2004, either party to the contract could cancel it. By December 2004 Foxwood had not received such final subdivision approval. Nonetheless, Foxwood and the plaintiff (hereinafter Pleasant Hill), a corporation established by its predecessors-in-interest to acquire and develop the property, elected to proceed with the sale, and title was conveyed to Pleasant Hill at a closing on December 27, 2004.

On the date of the closing, Pleasant Hill and Foxwood entered into a written agreement (hereafter the agreement) obligating Foxwood to deposit the sum of $15,000 into an escrow account,

which was to be held by an escrowee "to insure completion of a water main extension to the subject premises." In the agreement, the parties represented that completion of the water main extension was the only condition which remained for final subdivision approval, and Foxwood agreed to "diligently pursue" completion "of the aforesaid items." In the event Foxwood was unable or unwilling to complete the water main extension on or before June 1, 2005, it agreed that Pleasant Hill "shall complete those items" and present invoices "for the same up to the sum of $15,000" to the escrowee, who would reimburse Pleasant Hill therefor. The agreement also contained the following provision: "Seller agrees to provide to the Purchaser, mylars and subdivision maps duly executed by the Chairman of the Town of Cornwall Planning Board necessary to present the final subdivision map to the Orange County Clerk's office for filing, for a 6 lot subdivision."

Pleasant Hill subsequently agreed to extend Foxwood's deadline for performance under the agreement until November or December 2005. However, on June 13, 2005, the Town adopted a local law amending its zoning regulations in a manner which prohibited a six-lot subdivision of the property. Ultimately, Foxwood obtained final approval of a four-lot subdivision of the property.

Pleasant Hill commenced the instant action against Foxwood and one of its members, inter alia, to recover damages for breach of the agreement and subsequently moved, among other things, for summary judgment on the issue of liability on its breach of contract causes of action. In support of its motion, Pleasant Hill submitted the affidavit of one of its officers, who averred that Foxwood never obtained final approval of a six-lot subdivision of the property. In opposition, the defendants did not dispute that the agreement had obligated Foxwood to obtain final approval of a six-lot subdivision, and that Foxwood had failed to do so. However, they contended that Foxwood was relieved of any responsibility to satisfy this obligation because the Town's intervening act of amending its zoning regulations had rendered such performance impossible. Additionally, the defendants cross-moved, inter alia, for summary judgment limiting their liability to the sum of $15,000.

The Supreme Court, among other things, denied that branch of Pleasant Hill's motion which was for summary judgment on the issue of liability on the breach of contract causes of action and granted that branch of the defendants' cross motion which was to limit their liability to the sum of $15,000. We reverse the order insofar as appealed from.

The Supreme Court should have granted that branch of Pleasant Hill's motion which was for summary judgment on the issue of liability on the causes of action to recover damages for breach of contract. The terms of the agreement clearly required Foxwood to obtain final approval of a six-lot subdivision of the property, and Pleasant Hill proffered documentary evidence that Foxwood did not satisfy this contractual obligation. In opposition to Pleasant Hill's prima facie showing of entitlement to judgment as a matter of law, the defendants failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Specifically, the defendants did not raise a triable issue of fact as to their defense of impossibility to perform under the agreement since impossibility must be "produced by an unanticipated event that could not have been foreseen or guarded against in the contract" (*Kel Kim Corp. v Central Mkts.*, 70 NY2d 900, 902 [1987]; *see Estates At Mountainview, Ltd. v Nakazawa*, 38 AD3d 828, 829 [2007]; *Came Realty, LLC v Canadian Imperial Bank of Commerce*, 10 AD3d 348, 349 [2004]). "[T]he law of impossibility provides that performance of a contract will be excused if such performance is rendered impossible by intervening governmental activities, but only if those activities are unforeseeable" (*Matter of A&S Transp. Co. v County of Nassau*, 154 AD2d 456, 459 [1989]). Here, the defendants, who are admittedly sophisticated developers, failed to establish that they could not have foreseen or guarded against the possibility that the Town would amend its zoning regulations in a manner which prohibited a six-lot subdivision of the property.

Additionally, the Supreme Court should have denied that branch of the defendants' cross motion which was to limit their liability to the sum of $15,000. "A clear contractual provision limiting damages is enforceable absent a special relationship between the parties, a statutory prohibition, or an overriding public policy" (*Smith-Hoy v AMC Prop. Evaluations, Inc.*, 52 AD3d 809, 810 [2008]; *see Mancuso v Rubin*, 52 AD3d 580, 582-583 [2008]; *Schietinger v Tauscher Cronacher Professional Engrs., P.C.*, 40 AD3d 954, 955 [2007]). However, the defendants failed to make a prima facie showing that the $15,000 escrow deposit provided for by the agreement was clearly intended as a general limitation on their liability in the event Foxwood failed to fulfill any of its contractual obligations under the agreement, including its obligation to obtain final approval of a six-lot subdivision of the property (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). In light of this determination, we need not examine the sufficiency of Pleasant Hill's opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324; *Rapps v City of New*

*York*, 54 AD3d 923, 924 [2008]). Spolzino, J.P., Miller, Angiolillo and Dickerson, JJ., concur. [*See* 20 Misc 3d 1113(A), 2008 NY Slip Op 51339(U).]