■ Four Asteria Realty, LLC, Respondent, v BCP Bank of North America et al., Appellants. [897 NYS2d 487]—

In an action, inter alia, to recover damages for breach of a lease, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Demarest, J.), dated February 26, 2009, as denied those branches of their motion which were for summary judgment dismissing the first cause of action to recover damages for breach of contract insofar as asserted against the defendant BCP Bank of North America, and for summary judgment on that defendant's counterclaim and, in effect, searched the record and awarded summary judgment on the issue of liability in favor of the plaintiff on the first cause of action insofar as asserted against the defendant BCP Bank of North America and dismissing that defendant's counterclaim.

Ordered that the order is affirmed insofar as appealed from, with costs.

We agree with the Supreme Court that the termination clause in the subject commercial lease, when read in conjunction with the other terms of that agreement, indicates that the defendant BCP Bank of North America (hereinafter BCP) was obligated to seek governmental approval as a condition precedent to terminating the lease (see Norgate Homes v Central State Bank, 82 AD2d 849 [1981]). The Supreme Court correctly determined that, even if BCP proceeded diligently and used its best efforts to obtain governmental approval, BCP failed to exercise its right to terminate the lease within a reasonable time under the circumstances of this particular case (see Savasta v 470 Newport Assoc., 82 NY2d 763 [1993]; Ben Zev v Merman, 73 NY2d 781 [1988]).

BCP's contention that it was entitled to terminate the lease due to impossibility of purpose is without merit. The very provision of the lease upon which BCP relies evinces that the parties contemplated the risk of BCP's failure to obtain the necessary governmental approval. Consequently, the failure to obtain such approval was a foreseeable event and, thus, BCP cannot rely on

impossibility of purpose to excuse its performance under the lease (*see Kel Kim Corp. v Central Mkts.*, 70 NY2d 900, 902 [1987]; *Matter of A&S Transp. Co. v County of Nassau*, 154 AD2d 456 [1989]; *see also* 14 Corbin on Contracts § 76.5). In any event, the Supreme Court correctly determined that BCP, by its execution of an estoppel certificate on June 12, 2007, attesting to the validity of the lease and denying the existence of any claims against the plaintiff, nearly a year after its execution of the lease, waived its right to terminate the lease (*see Hammelburger v Foursome Inn Corp.*, 54 NY2d 580, 586-587 [1981]), especially since BCP continued to pay its rent before and after executing the estoppel certificate (*see Rothschild v Title Guar. & Trust Co.*, 204 NY 458, 464 [1912]).

Accordingly, the Supreme Court correctly denied that branch of BCP's motion which was for summary judgment dismissing the first cause of action to recover damages for breach of the lease insofar as asserted against it, and correctly, in effect, searched the record and awarded summary judgment on the issue of liability in favor of the plaintiff on this cause of action (*see* CPLR 3212 [b]). For the same reasons, the Supreme Court correctly denied that branch of the defendants' motion which was for summary judgment on BCP's counterclaim, which sought a determination that BCP's termination of the lease was valid and, in effect, upon searching the record, dismissing the counterclaim.

BCP's remaining contentions have been rendered academic in light of our determination. Rivera, J.P., Leventhal, Lott and Austin, JJ., concur. **[Prior Case History: 22 Misc 3d 1127(A), 2009 NY Slip Op 50315(U).]**