■ RW HOLDINGS, LLC, Appellant, v JOHANNA MAYER et al., Respondents. [17 NYS3d 171]—

In an action, inter alia, to rescind a contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Orange County (Bartlett, J.), dated May 28, 2014, as denied its motion for summary judgment on the complaint, and granted the defendants' cross motion for summary judgment dismissing the complaint and on their third counterclaim, which was for a judgment declaring, inter alia, that they are entitled to exercise their option under section 9 of a lease executed by the parties to subdivide a portion of the subject property, and, in effect, for specific performance of the plaintiff's obligation under that section.

Ordered that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Orange County, for the entry of a judgment, inter alia, declaring that the defendants are entitled to exercise the option set forth in section 9 of the lease executed by the parties to subdivide a portion of the subject property.

The plaintiff, RW Holdings, LLC (hereinafter RW), a real estate developer, seeks, inter alia, to rescind a contract for the sale of real property located in the Town of Blooming Grove. RW purchased the property from the defendants, Johanna Mayer and William R. Mayer (hereinafter together the Mayers), in 2003. The contract of sale provided that RW intended to seek approval from the Town Planning Board to subdivide part of the "Entire Premises" into at least seven lots, to be situated on that part of the property designated as "Parcel Two." The contract of sale also provided that, once subdivision approval was obtained, RW would then reconvey to the Mayers that portion of the property designated as "Parcel Three," which was not slated for development. In the interim, the Mayers were to lease from RW the portion of Parcel Three that contained a family home, outbuildings, and surrounding property. That portion of Parcel Three was designated by the parties as the "Mayer Homestead."

In conjunction with the execution of the contract of sale, the parties executed a lease referable to the Mayer Homestead. Section 9 of the lease provided that, in the event that RW failed to secure subdivision approval in accordance with the contract, the Mayers would have the option to seek to subdivide the subject property so as to create a separate lot consisting of the Mayer Homestead, and that if such approval were obtained by the Mayers, RW would convey to the Mayers the Mayer Homestead lot for one dollar. The lease further provided that, if the Mayers were to exercise such option, RW would fully cooperate with the Mayers in obtaining such subdivision approval.

In 2003, several months after the execution of the contract and lease, the Town enacted a temporary moratorium on the subdivision approval process, which was extended several times, through late 2005. In 2006, the Town enacted a revised Zoning Code. It is undisputed that, pursuant to the revised Zoning Code, it would not be lawful for Parcel Two to be subdivided into seven building lots. RW proposed an alternate subdivision plan, pursuant to which it proposed to subdivide Parcel Two and parts of Parcel Three into 25 lots. The Mayers did not agree to that plan, which called for the development of part of the Mayer Homestead.

RW ultimately commenced this action to rescind the contract and restore the parties to the status quo ante, and thereafter moved for summary judgment on the complaint. The Mayers cross-moved for summary judgment dismissing the complaint and on their third counterclaim, which was for a judgment declaring, inter alia, that they are entitled to exercise the option to apply to subdivide the property pursuant to section 9 of the lease so as to create a separate lot consisting of the Mayer Homestead and, in effect, for specific performance of RW's obligations under that section.

The Supreme Court properly determined that RW failed to show that it was entitled to rescission of the subject contract based on the doctrine of impossibility of performance. " '[T]he law of impossibility provides that performance of a contract will be excused if such performance is rendered impossible by intervening governmental activities, but only if those activities are unforeseeable' " (*Pleasant Hill Developers, Inc. v Foxwood Enters., LLC*, 65 AD3d 1203, 1206 [2009], quoting *Matter of A&S Transp. Co. v County of Nassau*, 154 AD2d 456, 459 [1989]; *see Kel Kim Corp. v Central Mkts.*, 70 NY2d 900, 902 [1987]). Contrary to RW's contention, a party seeking to rescind a contract must show that the intervening act was unforeseeable, even if the intervening act consisted of the actions of a governmental entity or the passage of new legislation (*see Pleasant Hill Developers, Inc. v Foxwood Enters., LLC*, 65 AD3d at 1206; *Matter of A&S Transp. Co. v County of Nassau*, 154 AD2d at 459; *see also Four Asteria Realty, LLC v BCP Bank of N. Am.*, 71 AD3d 822, 822-823 [2010]; *Inter-Power of N.Y. v Niagara Mohawk Power Corp.*, 208 AD2d 1073, 1074 [1994]).

Here, RW did not show that it was unforeseeable that a change in the Town's Zoning Code would render it impossible to subdivide the property as initially planned, and did not raise a triable issue of fact in opposition to the Mayers' showing that such a change was foreseeable (*see Pleasant Hill Developers, Inc. v Foxwood Enters., LLC*, 65 AD3d at 1205; *see also Thor Props., LLC v Chetrit Group LLC*, 91 AD3d 476, 478-479 [2012]). Accordingly, the Supreme Court properly denied RW's motion for summary judgment on the complaint and properly granted that branch of the Mayers's cross motion which was for summary judgment dismissing the complaint.

Furthermore, the Mayers demonstrated their prima facie entitlement to a judgment declaring that they are entitled to exercise the option, as set forth in section 9 of the lease, to seek to subdivide the property so as to create a separate lot

consisting of the Mayer Homestead (*see Tsoulis v Abbott Bros. II Steak Out, Inc.*, 82 AD3d 1612, 1613 [2011]; *Kaygreen Realty Co., LLC v IG Second Generation Partners, L.P.*, 78 AD3d 1010, 1014 [2010]). The Mayers also demonstrated their prima facie entitlement to specific performance of RW's obligations under that provision of the lease (*see Thomas v Gray*, 121 AD3d 1091, 1093 [2014]). In opposition, RW failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the Mayers's cross motion which was for summary judgment on their third counterclaim.

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Orange County, for the entry of a judgment, inter alia, declaring that the Mayers are entitled to exercise the option set forth in section 9 of the lease executed by the parties to subdivide a portion of the subject property (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962]). Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.