Kamel v Ahgelian (2022 NY Slip Op 06697)

Kamel v Ahgelian

2022 NY Slip Op 06697

Decided on November 23, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS, JJ.

2020-03807
 (Index No. 517828/17)

[*1]Aaron Kamel, respondent, 
v
Joseph Ahgelian, et al., appellants.

Perry Dean Freedman, Purchase, NY, for appellants.
Law Offices of Noah Goldstein, P.C., Valley Stream, NY, for respondent.

DECISION & ORDER
In an action, inter alia, for specific performance of a joint venture agreement, the defendants appeal from an order of the Supreme Court, Kings County (Debra Silber, J.), dated May 1, 2020. The order, insofar as appealed from, upon renewal, adhered to a prior determination in an order of the same court dated May 15, 2019, denying the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order dated May 1, 2020, is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action in September 2017, seeking, inter alia, specific performance of an alleged oral joint venture agreement. Prior to the completion of discovery, the defendants moved for summary judgment dismissing the complaint. In an order dated May 15, 2019, the Supreme Court denied the motion. Thereafter, upon the completion of the parties' depositions, the defendants moved for leave to renew their prior motion. The court granted leave to renew, and, upon renewal, adhered to its determination denying the defendants' motion for summary judgment dismissing the complaint. The defendants appeal.
Upon renewal, the Supreme Court properly adhered to its determination denying the defendants' motion for summary judgment dismissing the complaint. "To form a binding contract, there must be a meeting of the minds, such that there is a manifestation of mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all material terms" (Stonehill Capital Mgt. LLC v Bank of the W., 28 NY3d 439, 448 [citation and internal quotation marks omitted]; see Can Man Carting, LLC v Spiezio, 165 AD3d 1029, 1030). "'The existence of a binding contract is not dependent on the subjective intent of the parties'" (Gator Hillside Vil., LLC v Schuckman Realty, Inc., 158 AD3d 742, 743 [alterations omitted], quoting Brown Bros. Elec. Contrs. v Beam Constr., Corp., 41 NY2d 397, 399). Instead, a court must look to "'the objective manifestations of the intent of the parties as gathered by their expressed words and deeds'" and should not place "'disproportionate emphasis'" "'on any single act, phrase or other expression,'" but should instead look to "'the totality of all of these, given the attendant circumstances, the situation of the parties, and the objectives they were striving to attain'" (Kolchins v Evolution Mkts., Inc., 31 NY3d 100, 106, quoting Brown Bros. Elec. Contrs. v Beam Constr., Corp., 41 NY2d at 399-400; see 223 Sam, LLC v 223 15th St., LLC, 161 AD3d 716, 718). Here, the evidence submitted by the [*2]defendants failed to eliminate triable issues of fact regarding whether there was a meeting of the minds sufficient to give rise to a binding contract (see Agosta v Fast Sys. Corp., 136 AD3d 694, 694).
The defendants' remaining contentions are without merit.
BRATHWAITE NELSON, J.P., RIVERA, CHAMBERS and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court