Kay v Heavenly Events & Catering Corp. (2025 NY Slip Op 04887)

Kay v Heavenly Events & Catering Corp.

2025 NY Slip Op 04887

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
DEBORAH A. DOWLING
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2021-08649 
2021-08650
 (Index No. 507401/20)

[*1]David Kay, et al., respondents, 
v
Heavenly Events & Catering Corporation, appellant, et al., defendant.

Law Office of Samuel Katz, PLLC, Brooklyn, NY, for appellant.
Aguilar Bentley LLC, New York, NY (Anne Burton Walsh of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant Heavenly Events & Catering Corporation appeals from (1) an order of the Supreme Court, Kings County (Richard J. Montelione, J.), dated September 16, 2021, and (2) a judgment of the same court dated October 8, 2021. The order, insofar as appealed from, granted that branch of the plaintiffs' motion which was for summary judgment on the cause of action alleging breach of contract insofar as asserted against the defendant Heavenly Events & Catering Corporation, granted the plaintiffs' separate motion pursuant to CPLR 3211 to dismiss that defendant's counterclaim and affirmative defenses, and, in effect, denied that branch of that defendant's motion which was for summary judgment dismissing the cause of action alleging breach of contract insofar as asserted against it. The judgment, insofar as appealed from, upon the order, is in favor of the plaintiffs and against the defendant Heavenly Events & Catering Corporation in the principal sum of $27,649.89.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
The plaintiffs commenced this action against the defendant Heavenly Events & Catering Corporation (hereinafter Heavenly) and another defendant, inter alia, to recover damages for breach of contract. The plaintiffs alleged that they entered into a contract with Heavenly in which Heavenly agreed to perform catering services for a wedding scheduled to take place in New York on May 17, 2020. The plaintiffs alleged that the purpose of the contract was frustrated by the COVID-19 pandemic, that they performed under the contract but Heavenly did not, and that they were entitled to a return of the $27,649.89 deposit they paid to Heavenly.
Heavenly moved, among other things, for summary judgment dismissing the breach of contract cause of action insofar as asserted against it. The plaintiffs moved, inter alia, for summary judgment on the breach of contract cause of action insofar as asserted against Heavenly. The plaintiffs separately moved pursuant to CPLR 3211 to dismiss Heavenly's affirmative defenses and counterclaim alleging anticipatory breach of the contract by the plaintiffs. In an order dated September 16, 2021, the Supreme Court, among other things, granted that branch of the plaintiffs' motion which was for summary judgment on the breach of contract cause of action insofar as asserted against Heavenly, granted the plaintiffs' separate motion pursuant to CPLR 3211 to dismiss Heavenly's affirmative defenses and counterclaim, and, in effect, denied that branch of Heavenly's motion which was for summary judgment dismissing the breach of contract cause of action insofar as asserted against it. The court issued a judgment dated October 8, 2021, upon the order, inter alia, in favor of the plaintiffs and against Heavenly in the principal sum of $27,649.89. Heavenly appeals.
"To establish the existence of an enforceable agreement, there must be an offer, acceptance of the offer, consideration, mutual assent, and an intent to be bound" (Matter of Civil Serv. Empls. Assn., Inc. v Baldwin Union Free School Dist., 84 AD3d 1232, 1233-1234 [internal quotation marks omitted]). "To form a binding contract, there must be a meeting of the minds, such that there is a manifestation of mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all material terms" (Kamel v Ahgelian, 210 AD3d 973, 973 [internal quotation marks omitted]). A court must look to the "objective manifestations of the intent of the parties as gathered by their expressed words and deeds and should not place disproportionate emphasis on any single act, phrase or other expression, but should instead look to the totality of all of these, given the attendant circumstances, the situation of the parties, and the objectives they were striving to attain" in order to determine whether a binding contract existed (id. at 974 [internal quotation marks omitted]). "Evidence outside the four corners of [a] document as to what was really intended but unstated or misstated is generally inadmissible to add to or vary the writing" (17 Lexington Ave., LLC v Alison Six Star, LLC, 229 AD3d 484, 486-487 [internal quotation marks omitted]). "However, where contract language is reasonably susceptible of more that one interpretation, and thus ambiguous, extrinsic or parol evidence is permitted to determine the parties' intent as to the meaning of that language" (id. at 487 [internal quotation marks omitted]). "When interpreting a contract, the construction arrived at should give fair meaning to all of the language employed by the parties, to reach a practical interpretation of the parties' expressions so that their reasonable expectations will be realized" (id. [internal quotation marks omitted]).
Here, the contract was ambiguous, and therefore, parol evidence in the form of a menu was permitted to determine the parties' intent as to the meaning of the contract (see id.). The parol evidence clarified that the parties intended the contract to be performed on May 17, 2020, in New York.
In order to invoke the doctrine of a frustration of purpose, "the frustrated purpose must be so completely the basis of the contract that, as both parties understood, without it, the transaction would have made little sense" (Gulf LNG Energy, LLC v Eni S.p.A., 232 AD3d 183, 192 [internal quotation marks omitted]; see Crown IT Servs., Inc. v Koval-Olsen, 11 AD3d 263, 265; Restatement [Second] of Contracts § 265). Frustration of purpose "is not available where the event which prevented performance was foreseeable and provision could have been made for its occurrence" (Matter of Rebell v Trask, 220 AD2d 594, 598).
"'[T]he law of impossibility provides that performance of a contract will be excused if such performance is rendered impossible by intervening governmental activities, but only if those activities are unforeseeable'" (RW Holdings, LLC v Mayer, 131 AD3d 1228, 1230 [internal quotation marks omitted], quoting Pleasant Hill Developers, Inc. v Foxwood Enters., LLC, 65 AD3d 1203, 1206).
Here, the plaintiffs established, prima facie, that the purpose of the contract was frustrated by the COVID-19 pandemic and subsequent executive orders issued by former Governor Andrew Cuomo (see Executive Order [A. Cuomo] Nos. 202.10, 202.31 [9 NYCRR 8.202.10, 8.202.31]). In opposition, Heavenly failed to raise a triable issue of fact.
"On a motion to dismiss a counterclaim pursuant to CPLR 3211(a)(7), a court must accept as true the facts as alleged in the counterclaim, accord the defendant the benefit of every possible favorable inference and determine only whether the facts as alleged fit within any cognizable legal theory" (Twitchell Tech. Prods., LLC v Mechoshade Sys., LLC, 227 AD3d 45, 51 [internal quotation marks omitted]). However, "[w]here evidentiary material is submitted and considered on a motion pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the [pleader] has a cause of action, not whether the [pleader] has stated one, and unless it has been shown that a material fact claimed by the [pleader] to be one is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (id. at 52 [internal quotation marks omitted]; see Clevenger v Yuzek, 222 AD3d 931, 934).
Here, the plaintiffs established that Heavenly did not have a cause of action against them alleging anticipatory breach of contract, and therefore, the Supreme Court properly granted that branch of their motion which was pursuant to CPLR 3211 to dismiss Heavenly's counterclaim. "An anticipatory breach of contract by a promisor is a repudiation of [a] contractual duty before the time fixed in the contract for . . . performance has arrived" (Princes Point LLC v Muss Dev. L.L.C., 30 NY3d 127, 133 [internal quotation marks omitted]). The "[m]ere expression of difficulty in tendering the required performance . . . is not tantamount to a renunciation of the contract" (Children of Am. [Cortlandt Manor], LLC v Pike Plaza Assoc., LLC, 113 AD3d 583, 584 [internal quotation marks omitted]). Here, the plaintiffs established through their submission of the executive orders that the purpose of the contract was frustrated and, therefore, that they did not anticipatorily breach the contract but rather could not perform (see Princes Point LLC v Muss Dev. L.L.C., 30 NY3d at 133).
For the aforementioned reasons, the Supreme Court properly, in effect, denied that branch of Heavenly's motion which was for summary judgment dismissing the breach of contract cause of action insofar as asserted against it.
Heavenly's remaining contention is without merit.
BARROS, J.P., DOWLING, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court