Clendeninn v Young
2026 NY Slip Op 03421
June 3, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Neil Clendeninn, respondent,
v
Dawn H. Young, as administrator of the estate of Steven W. Young, et al., appellants, et al., defendant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 3, 2026
2024-06481, (Index No. 609056/21)
Betsy Barros, J.P.
Barry E. Warhit
Carl J. Landicino
Laurence L. Love, JJ.

Patricia Byrne Blair, Blue Point, NY, for appellants.
Ronald D. Weiss, P.C., Melville, NY, for respondent.

[*1]
DECISION & ORDER
In an action, inter alia, to recover damages for unjust enrichment, the defendants Dawn H. Young, as administrator of the estate of Steven W. Young, S.W. Young Property Management, and S.W. Young Contracting appeal from a judgment of the Supreme Court, Suffolk County (Linda Kevins, J.), entered March 19, 2024. The judgment, upon an order of the same court dated June 23, 2023, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants and dismissing their fourth and fifth affirmative defenses and counterclaim, is in favor of the plaintiff and against those defendants in the principal sum of $32,000.
ORDERED that the judgment is reversed, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Dawn H. Young, as administrator of the estate of Steven W. Young, S.W. Young Property Management, and S.W. Young Contracting and dismissing their fourth and fifth affirmative defenses and counterclaim are denied, and the order dated June 23, 2023, is modified accordingly.
In December 2019, the plaintiff, as tenant, entered into a lease agreement with the defendant S.W. Young Property Management (hereinafter the landlord), as landlord, for the rental of premises located on Fire Island. The lease, which was signed by Steven W. Young (hereinafter the decedent) on behalf of the landlord, was for a term beginning on April 15, 2020, and ending on October 31, 2020.
In May 2021, the plaintiff commenced this action against the decedent, the landlord, the defendant S.W. Young Contracting (hereinafter SWYC, and collectively with the decedent and the landlord, the SW defendants), and another defendant, inter alia, to recover damages for unjust enrichment, "frustration of purpose," and "impossibility of performance." The plaintiff alleged, among other things, that he had been unable to take possession of the property as anticipated by the lease agreement due to governmental restrictions in place during the COVID-19 pandemic. The plaintiff sought to recover advance payments he had made pursuant to the lease agreement. The SW defendants interposed an answer to the complaint in which, inter alia, they asserted their fourth and fifth affirmative defenses alleging, respectively, that SWYC and the decedent were not proper parties to this action, and a counterclaim alleging breach of the lease agreement.
The plaintiff subsequently moved, among other things, for summary judgment on the complaint insofar as asserted against the SW defendants and dismissing their fourth and fifth affirmative defenses and counterclaim. In an order dated June 23, 2023, the Supreme Court, inter alia, granted those branches of the plaintiff's motion. Thereafter, a judgment was entered, upon the order, in favor of the plaintiff and against the SW defendants in the principal sum of $32,000. The SW defendants appealed. During the pendency of the appeal, the decedent died, and the defendant Dawn H. Young, as the administrator of the decedent's estate, was substituted for the decedent.
As an initial matter, although the SW defendants failed to submit a paragraph-by-paragraph response to the plaintiff's statement of material facts, under the circumstances presented, the Supreme Court improvidently exercised its discretion in deeming the assertions therein admitted. "'[B]lind adherence to the procedure set forth in 22 NYCRR 202.8-g [wa]s not required,' even though the rule—which has since been amended—included 'mandatory language' at the time the court determined [the plaintiff's] motion" (Argueta v Hall & Wright, LLC, 230 AD3d 1200, 1201, quoting Leberman v Instantwhip Foods, Inc., 207 AD3d 850, 851; see On the Water Prods., LLC v Glynos, 211 AD3d 1480, 1481).
Further, the Supreme Court erred in granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the SW defendants and dismissing their fourth and fifth affirmative defenses and counterclaim. "In order to invoke the doctrine of a frustration of purpose, 'the frustrated purpose must be so completely the basis of the contract that, as both parties understood, without it, the transaction would have made little sense'" (Kay v Heavenly Events & Catering Corp., 241 AD3d 1305, 1308, quoting Gulf LNG Energy, LLC v Eni S.p.A., 232 AD3d 183, 192; see Restatement [Second] of Contracts § 265). "'[T]he law of impossibility provides that performance of a contract will be excused if such performance is rendered impossible by intervening governmental activities, but only if those activities are unforeseeable'" (Pleasant Hill Developers, Inc. v Foxwood Enters., LLC, 65 AD3d 1203, 1206, quoting Matter of A & S Transp. Co. v County of Nassau, 154 AD2d 456, 459; see Kay v Heavenly Events & Catering Corp., 241 AD3d at 1308). "'Impossibility excuses a party's performance only when the destruction of the subject matter of the contract or the means of performance makes performance objectively impossible'" (Berman v TRG Waterfront Lender, LLC, 181 AD3d 783, 786, quoting Kel Kim Corp. v Central Mkts., 70 NY2d 900, 902 [emphasis added]).
Here, in support of his motion, the plaintiff failed to establish, prima facie, that the COVID-19 pandemic and subsequent executive orders issued by former Governor Andrew Cuomo (see Executive Order [A. Cuomo] Nos. 202, 202.8 [9 NYCRR § 8.202]), made performance of the lease agreement impossible, or frustrated the purpose of the lease agreement (see Gap, Inc. v 44-45 Broadway Leasing Co. LLC, 206 AD3d 503, 504; Fives 160th, LLC v Qing Zhao, 204 AD3d 439, 440; cf. Kay v Heavenly Events & Catering Corp., 241 AD3d 1305). In addition, the plaintiff failed to demonstrate, prima facie, that SWYC and the decedent were proper parties to this action (cf. Popal v DiLorenzo, 231 AD3d 1067, 1069; McCarthy v Young, 57 AD3d 955, 955).
Accordingly, since the plaintiff failed to satisfy his prima facie burden, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the SW defendants and dismissing their fourth and fifth affirmative defenses and counterclaim, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BARROS, J.P., WARHIT, LANDICINO and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court